**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **CRISP LOGISTICS, LLC,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) **Civil Action No.** |
| **TIME VIEW, LLC and AHMAD ALZEAR,** | ) ) ) |
| **Defendants.** | ) |

**COMPLAINT**

COMES NOW CRISP LOGISTICS, LLC ("Crisp Logistics"), Plaintiff herein, by and through its undersigned counsel, and files this civil action against TIME VIEW, LLC ("Time View") and AHMAD ALZEAR ("Mr. Alzear") (collectively "Defendants") showing this Honorable Court as follows:

**PARTIES, JURISDICTION & VENUE**

1.

Crisp Logistics is a Texas limited liability company with its principal place of business located in Granbury, Texas. Crisp Logistics' sole member is Joshua Crisp who is a resident of the State of Texas.

2.

Time View, LLC is a Georgia limited liability company who may be served through its registered agent, Mr. Alzear, at 3370 Venture Parkway, Duluth, Gwinnett County, Georgia 30096.

3.

Time View, LLC's sole member is Mr. Alzear who is a resident of Gwinnett County, Georgia and may be served at 3370 Venture Parkway, Duluth, Gwinnett County, Georgia 30096.

1

4.

This Court has subject-matter jurisdiction over this civil action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL ALLEGATIONS

6.

On July 9, 2021, Time View and Crisp Logistics entered into a Lease Agreement whereby Crisp Logistics granted Time View control of vehicles owned by Crisp Logistics for the purpose of transporting freight. The vehicle identification numbers for the vehicles are as follows:

> 20163HSDJAPR1GN028651
> 20173HSDJAPR3HN522690
> 20163HSDJAPR8GN021339
> 20163HSDJAPR5GN223782
> 20183HSDZAPR0JN532480
> 20153HSDJAPR3FN676362
> 20163HSDJAPR2GN676774
> 20183HSDZAPR2JN531525
> 20183HSDZAPR2JN532464

(the "Leased Trucks").

7.

In exchange for use of the Leased Trucks, Time View was obligated to make payment to Crisp Logistics for each load of freight transported. The payment terms for Time View's use of the Crisp Logistics vehicles were outlined in a Rate Agreement executed on June 4, 2021.

8.

On June 4, 2021, Time View and Crisp Logistics also entered into an Owner Operator Lease Agreement that addressed various terms by which the parties' business relationship would be governed.

9.

Upon entering into these three agreements, Crisp Logistics granted Time View access to the Leased Trucks for the purpose of hauling freight in exchange for payment.

10.

From the earliest moments of the parties' business relationship, Time View, through its owner, Mr. Alzear, did not abide by the agreements Time View entered into with Crisp Logistics. The Leased Trucks were routinely used and no payment was made to Crisp Logistics for use of the Leased Trucks as agreed. Additionally, Mr. Alzear refused to provide Crisp Logistics any information about the loads the Leased Trucks were hauling in an effort to keep Crisp Logistics in the dark as to the amount of use the Leased Trucks were receiving.

11.

In the Fall of 2021, Mr. Alzear instructed Crisp Logistics representatives to make payment of $12,000 to Time View so that Mr. Alzear could obtain registrations for the Leased Trucks in his possession.

12.

Rather than use the $12,000 from Time View to obtain registrations, as stated, Mr. Alzear kept the $12,000 for his personal use, failing to register the Leased Trucks.

13.

Being frustrated with the improper conduct of Time View and Mr. Alzear, Crisp Logistics terminated its business relationship with Time View on December 22, 2021 as it is permitted to do under the relevant agreements. In terminating its relationship, Crisp Logistics demanded that the Leased Trucks be returned to it or that the location of the Leased Trucks be disclosed so that Crisp Logistics could make arrangements to retrieve them.

14.

Time View and Mr. Alzear have provided the location of only one of the nine Leased Trucks. The one vehicle it disclosed was badly vandalized, requiring several thousand dollars of repairs.

15.

Time View and Mr. Alzear have refused to provide Crisp Logistics the locations of any of its remaining Leased Trucks, instead holding the Leased Trucks hostage and, upon information and belief, continuing to use the Leased Trucks for commercial purposes without making payment to Crisp Logistics for such use.

**COUNT I – CONVERSION**

16.

Crisp Logistics incorporates by reference each and every allegation asserted in Paragraphs 1-15 above as if each such allegation were fully set forth herein.

17.

4

The eight Leased Trucks at issue are owned by Crisp Logistics.

18.

Crisp Logistics has a right to possess the eight Leased Trucks at issue.

19.

Time View and Mr. Alzear have intentionally and wrongfully taken possession of the eight Leased Trucks at issue without right to do so and have refused to return the vehicles to Crisp Logistics.

20.

Crisp Logistics has suffered actual damages of loss of value of the vehicles, failure to use and additional wear and tear on the eight Leased Trucks as a direct and proximate result of Time View and Alzear's actions.

## COUNT II – BREACH OF CONTRACT

21.

Crisp Logistics incorporates by reference each and every allegation asserted in Paragraphs 1 – 20 above as if each such allegation were fully set forth herein.

22.

Time View agreed to pay Crisp Logistics for each load the Leased Trucks hauled pursuant to terms contained in the June 4, 2021 Rate Agreement.

23.

Time View has used the Leased Trucks to haul freight but has failed to make payment of rates to Crisp Logistics for such use and in breach of its obligations under the June 4, 2021 Rate Agreement.

24.

As a direct and proximate result of Time View's failure to perform on the June 4, 2021 Rate Agreement, Crisp Logistics has suffered damages in an amount to be proven at trial.

### COUNT III – FRAUD

25.

Crisp Logistics incorporates by reference each and every allegation asserted in Paragraphs 1 – 24 above as if each such allegation were fully set forth herein.

26.

Mr. Alzear represented to Crisp Logistics that he needed $12,000 to register the Leased Trucks to which Crisp Logistics granted Time View access.

27.

Mr. Alzear knowingly and intentionally did not intend to use the $12,000 to register the Leased Trucks, but instead intended to keep the money for his personal use.

28.

Crisp Logistics did not know Mr. Alzear intended to keep the $12,000 for himself and instead reasonably relied on Mr. Alzear's material misrepresentation that money was needed to register the Leased Trucks and sent the requested $12,000 to Mr. Alzear.

29.

As a direct and proximate result of the foregoing, Crisp Logistics has been damaged.

### COUNT IV – ATTORNEY'S FEES AND LITIGATION EXPENSES

30.

Crisp Logistics incorporates by reference each and every allegation asserted in Paragraphs 1 – 29 above as if each such allegation were fully set forth herein.

31.

A fiduciary relationship exists between Crisp Logistics and Time View as a result of the afore-mentioned agreements relating to Time View's use and possession of the Leased Trucks.

32.

Under that relationship, Crisp Logistics placed its trust and confidence in Time View to act faithfully and with fidelity toward Crisp Logistics.

33.

Crisp Logistics is informed and believes, and thereon alleges, that Time View and its principal, Mr. Alzear, have misused and misappropriated the Leased Trucks, and have received funds from use of the Lease Trucks under false pretense, the full extent of which cannot be ascertained without an accounting.

34.

Crisp Logistics is therefore entitled to an accounting from Defendants.

**COUNT V – ATTORNEY'S FEES AND LITIGATION EXPENSES**

35.

Crisp Logistics incorporates by reference each and every allegation asserted in Paragraphs 1 – 34 above as if each such allegation were fully set forth herein.

36.

Defendants have been stubbornly litigious, acted in bad faith, and caused Crisp Logistics unnecessary trouble and expense. As a result, Defendants are liable to Crisp Logistics for all attorneys' fees and expenses of litigation incurred in the prosecution of this action pursuant to O.C.G.A. § 13-6-11.

4857-8876-3146 v2

WHEREFORE, Crisp Logistics hereby requests that service be made on Defendants and that judgment be entered as follows:

a. For judgment against Defendants for the amount to be proven at trial;

b. For an accounting of all revenues received by Defendants arising from use of the Leased Trucks;

c. For punitive damages in light of Mr. Alzear's intentional and fraudulent conduct;

d. For all costs, expenses and attorney's fees expended by Crips Logistics in prosecuting this action;

e. For a trial by a jury of twelve (12); and

f. For such other and further relief as this Court deems just and proper.

Respectfully submitted this 27th of January, 2022.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

*/s/ Taylor L. Dove*
Taylor L. Dove
Georgia Bar No. 993210
*Attorney for Crisp Logistics, LLC*

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261
tdove@huntermaclean.com

4857-8876-3146 v2